[S. F. No. 17961.   In Bank.   May 17, 1949.]

OSCAR A. MELLIN et al., Appellants, v. LLOYD C. TROUSDELL et al., Respondents.

Jack E. Hursh for Appellants.

R. V. Bressani for Respondents.

TRAYNOR, J.—Appellants have been ordered to show cause why their appeal should not be dismissed because notice of appeal was not filed within time. The order to show cause concerns the effect of sections 659 and 660 of the Code of Civil Procedure and rule 3(a) of the Rules on Appeal upon the time within which notice of appeal from a judgment must be filed after denial of a motion for a new trial. The operation of these provisions may be briefly described.

Under rule 2(a) of the Rules on Appeal, notice of appeal must be filed within 60 days from date of entry of judgment, "unless the time is extended as provided in Rule 3," which relates to extensions when there has been a motion for new trial or a motion to vacate the judgment.

■ If notice of entry of judgment has been served upon the losing party, notice of intention to move for a new trial must be filed within 10 days from the receipt of written notice of entry of judgment. (Code Civ. Proc., § 659.) If the motion for new trial is not determined by the trial court within 60 days from service of notice of entry, it is deemed denied. (Code Civ. Proc., § 660.) Upon denial of the motion, whether by order of court or by operation of law under section 660, rule 3(a) extends the time to file notice of appeal from the judgment 30 days from the date of such denial. Thus, if notice of intention to move for new trial is served and filed within 60 days after entry of judgment (rule 3(a)), a motion for new trial extends the time within which notice of appeal from the judgment may be filed a maximum of 90 days from service of notice of entry of judgment.

■ If there has been no service of notice of entry of judgment, there is no statutory time limit within which notice of intention to move for a new trial must be filed, and such a motion may therefore be made at any time. If the trial court does not act thereon within 60 days from the filing of notice of intention, the motion is denied. (Code Civ. Proc., § 660.) Rule 3(a) grants an additional 30 days from the date of such denial within which notice of appeal from the judgment may be filed, if the notice of intention is served and filed within 60 days from the date of entry of judgment. Thus, when there has been no service of notice of entry of judgment, the maximum extension of time to file notice of appeal is 60 days from the entry of judgment, plus 60 days for the trial court to rule on the motion for new trial, plus 30 days to file notice of appeal, or a total of 150 days from the date of entry of judgment.

■ In the present case, judgment was entered for respondents on November 18, 1948. Appellants' counsel was served with notice of entry of judgment on November 23, 1948. He filed a notice of intention to move for a new trial on December 3, 1948, or 10 days after receipt of notice of entry. On February 2, 1949, the trial court denied the motion, and a notice of appeal was filed on March 2, 1949. The notice of appeal was filed 28 days after formal order of denial of the motion and would have been within time had the effective date of denial been the date of that order. The motion, however, had already been denied by operation of law before the formal order of denial. Under section 660, the trial court had 60 days from the service of notice of entry of the judgment on November 23d within which to decide the motion. The 60th day was January 22, 1949, and the motion must be deemed denied on that date. The order of denial of February 2d therefore had no effect. (*Lancel* v. *Postlethwaite*, 172 Cal. 326 [156 P. 486].) Rule 3(a) extended the time within which to file notice of appeal from the judgment 30 days from this denial by operation of law, or a total of 90 days from service of notice of entry of judgment. That extension expired on February 21, 1949. The notice of appeal filed on March 2d was nine days late. The appeal is therefore dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.