[No. G004994. Fourth Dist., Div. Three. Aug. 16, 1989.]

JACK J. MILLER, Plaintiff and Appellant, v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant
and Respondent.

**COUNSEL**

Anderson, Parkinson, Weinberg & Miller, Thomas T. Anderson, De Goff & Sherman, Victoria J. De Goff and Richard Sherman for Plaintiff and Appellant.

Kornblum & McBride, Guy O. Kornblum, William B. Boone and Laura E. Fannon for Defendant and Respondent.

**OPINION**

**SONENSHINE, J.**—Jack J. Miller appeals the dismissal of his insurance bad faith action pursuant to Code of Civil Procedure section 583.410. We

do not reach the propriety of the dismissal. Instead, we apply Code of Civil Procedure section 660 and California Rules of Court, rules 2 and 3(a), and find the appeal is untimely.[1]

I

Miller maintained automobile insurance with United Services Automobile Association (USAA) during the 1970's. On January 26, 1977, he was involved in an accident with an uninsured motorist. In September 1979, Miller received an uninsured motorist arbitration award of $4,653, which was paid by USAA. Two years later, on August 28, 1981, Miller filed a complaint for violation of Insurance Code section 790.03, subdivision (h) which he served eleven months later. An answer was filed August 16, 1982.

In the first three years after service, Miller did minimal discovery. During 1985, Miller, after obtaining information about USAA's management policies, removed the case from the civil active list for seven months in order to amend his complaint to add causes of action for intentional infliction of emotional distress and fraud. Early in 1986, a mandatory settlement conference proved unsuccessful. Trial was set for May 27, 1986.[2]

During this period, USAA moved for summary judgment and its motion to compel discovery was granted. Miller requested and received a trial date continuance as well as a continuance of the hearing on the summary judgment motion. In July 1986, Miller moved for a second continuance of the trial date due to a change of attorneys. USAA agreed not to oppose this motion if Miller provided the outstanding discovery. The summary judgment motion was heard and granted as to the intentional infliction of emotional distress and fraud counts. On July 24, Miller petitioned for a writ of mandate.

While the writ application was pending, Miller moved for his third continuance of the trial date and for an extension of the five-year statute. On August 15, the parties entered into a stipulation to allow a continuance for 30 days after the writ decision on the condition that Miller provide the tardy discovery. He failed to do so. On September 17, the court reviewed Miller's failure to comply with the discovery order. On the court's own motion, the case was dismissed for failure to comply with the discovery order, delay in service, routine extensions of the trial date, no meaningful effort to settle, and prejudice to the defendant (10 years had elapsed since

[1] Unless otherwise specified, all statutory references to a code section are to the Code of Civil Procedure; all references to a rule are to the California Rules of Court.

[2] We note Anderson, Parkinson, Weinberg & Miller did not become trial counsel until July 7, 1986.

the accident, their arbitration attorney had died, and discovery had not been provided).

A formal dismissal order was entered on September 22, and the order was personally served on counsel the following day. On September 29, Miller filed a motion for reconsideration (§ 1008). On October 21, he filed a motion for relief from judgment (§ 473). Ten days later, the motion for reconsideration was denied; the court found no new facts had been asserted. Miller was sanctioned $1,900 for a frivolous motion. The minute order was entered, with Miller to prepare the formal order.

On January 21, 1987, Miller finally filed the formal order of denial of reconsideration with the court. Five days later, Miller filed a notice of appeal. Also on that date the order denying relief (from a January 5 hearing) was entered with an additional $1,500 in sanctions.

## II

■ We first address the timeliness of the appeal. Rule 2(a) requires a notice of appeal be filed "within 60 days after the date of mailing notice of entry of judgment . . . ." Miller's notice of appeal was filed January 26, 1987, 125 days after the September 23, 1986, notice of entry of dismissal.

The appeal is untimely unless the delay is excused by rule 3(a) which provides "[w]hen a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law . . . ."

■ Miller did not file a motion for new trial; however, "[a] motion for reconsideration under Code of Civil Procedure section 1008 is treated for purposes of rule 3 of the Rules of Court in the same manner as a motion for new trial . . . . In other words, subject to the qualifications stated in rule 3, the timely filing of a motion to reconsider normally extends the time for filing a notice of appeal from the original ruling until 30 days after entry of the order denying reconsideration." (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1009-1010 [183 Cal.Rptr. 594], fn. omitted.)

■ Miller contends the appeal is timely because the notice of entry denying his *motion to reconsider* was not entered until January 21, 1987.[3] But this contention presumes the denial had not already been automatically entered. This possibility is mandated by reading the full text of rule 3(a). The notice of appeal was required to be filed within 30 days of either the entry of the order denying the motion or its *denial by operation of law*.

■ The issue of whether an operation of law denial (§ 660) is applicable to a rule 3(a) extension when the motion is for reconsideration rather than for new trial has not been addressed by California courts. An affirmative resolution of the issue is suggested by both legislative intent and existing case law.

Denial of a new trial motion by operation of law occurs in one of two ways: (1) By expiration of 60 days from the date of the notice of entry of judgment (a jurisdictional limitation) or (2) by the entry of the new trial order in the permanent minutes of the court.[4] A reading of rule 3(a) (allowing a 30-day appeal extension following denial of a new trial motion) with section 660 (allowing 60 days for denial of the new trial order by operation of law) indicates the maximum extension of appeal time when a new trial motion is involved is 90 days.[5]

The Supreme Court has addressed the "effect of . . . [section] 660 of the Code of Civil Procedure and rule 3(a) of the Rules on Appeal upon the time within which notice of appeal from a judgment must be filed after denial of a motion for a new trial." (*Mellin* v. *Trousdell* (1949) 33 Cal.2d 858, 859

---

[3] Miller does not argue on appeal his section 473 motion for relief from judgment should extend the appeal time. As both a motion to reconsider and a motion for relief from judgment raise the same points, Miller confines his discussion to the reconsideration motion. The parties also agree that rule 3(b) regarding appeal extensions after a motion to vacate is inapplicable.

[4] Section 660 reads, in pertinent part: "Except as otherwise provided in Section 12a of this code, the power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed. . . ."

[5] We do note that an outer limit of 180 days' extension may be applicable when the "motion for new trial has [not] been determined"—a fact situation not before this court. (Rule 3(a).)

[205 P.2d 1036].) The court concluded "a motion for new trial extends the time within which notice of appeal from the judgment may be filed a maximum of 90 days from service of notice of entry of judgment." (*Ibid.*)

Although it is settled that section 660 limits the time within which to file a notice of appeal when the motion is for a new trial, Miller contends there is no case authority linking a motion to reconsider to section 660. In *Jones* v. *Sieve* (1988) 203 Cal.App.3d 359, 370 [249 Cal.Rptr. 821], the court held plaintiff's motion to reconsider did not avoid the 60-day jurisdictional limitation provision of section 660. "[T]he statute which provides for a motion to reconsider (§ 1008) does not, itself, limit the time within which the court must [act. . . . However,] '[e]very statute must be construed with reference to the whole system of law which it is a part, so that each part may be harmonized and have effect. [Citation.] . . . This rule applies even if the statutes to be harmonized appear in different codes. . . .' [Citation.]" Thus, even though there is no provision for denial by operation of law set out in section 1008, a broader view of the reconsideration motion in the rule 3(a) appeal extension framework leads us to conclude section 660 is applicable.

In asserting such a conclusion would be contrary to established law, Miller attempts to analogize the timing of his appeal to the appeal before the court in *Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69 [67 Cal.Rptr. 686]. He argues the notice of appeal there was filed more than 30 days from the date the motion for reconsideration was denied. He fails to recognize the judgment in *Dockter* was entered on August 18 and the notice of appeal was filed October 26—a total of only 68 days and well within the 90-day maximum established in *Mellin*.

In asserting section 660 is applicable to a motion for reconsideration as well as a new trial motion, Miller's appeal becomes analogous to that of the plaintiff in *Mellin*. By inserting the appropriate dates, we take guidance from the Supreme Court: "Under section 660, the trial court had 60 days from the service of notice of entry of the judgment on [September 23] within which to decide the motion. The 60th day was [November 22] and the motion must be deemed denied on that date. The order of denial of [January 21] therefore had no effect. [Citation.] Rule 3(a) extended the time within which to file notice of appeal from the judgment 30 days from this denial by operation of law, or a total of 90 days from service of notice of entry of judgment. That extension expired [December 22]. The notice of appeal filed on [January 26] was [34] days late." (*Mellin* v. *Trousdell, supra,* 33 Cal.2d at p. 860.)

While Miller would have us find the motion for reconsideration analogous to the new trial motion for some purposes (e.g., so he can take advan-

tage of the rule 3(a) extensions), but not for other purposes (e.g., so he is not subject to the entry of the order by operation of law per § 660). We find the procedural guidelines for the present case fall within the ambit of *Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d 1005. The motion for reconsideration is "subject to the qualifications stated in rule 3 . . . ." (*Id.,* at p. 1009.) Accordingly, the procedural restrictions central to a rule 3(a) motion for new trial, including section 660, are applicable.[6] Therefore, the notice of appeal was untimely in that it was filed more than 30 days after denial of the motion by operation of law, and not within the maximum 90-day period.

The statutory scheme of limiting extensions for appeals as set out in the rules of court would be undermined by allowing delayed receipt of the written order of a frivolous motion to artificially extend the time for appeal. We find the appeal untimely under application of both rules 2 and 3. We therefore dismiss for lack of timeliness and do not reach the merits of the dismissal.

Scoville, P. J., concurred.

**CROSBY, J.,** Concurring.—I agree the appeal is untimely, but find my colleagues' analysis of the problem needlessly complicated and their discussion of Code of Civil Procedure section 660 unnecessary to the resolution of this matter.

---

[6]Miller attempts to draw distinctions between the motion for reconsideration and the motion for new trial. He asserts, for example, that while the new trial motion has jurisdictional limitations, the motion for reconsideration does not. However, the section 1008 motion *is* subject to the same jurisdictional constraints (§ 660) as a new trial motion. (*Jones* v. *Sieve, supra,* 203 Cal.App.3d at p. 370.) A further distinction Miller draws is the motion for a new trial is not appealable (*Hollister Convalescent Hosp. Inc.* v. *Rico* (1975) 15 Cal.3d 660, 663 [125 Cal.Rptr. 757, 542 P.2d 1349]) while a motion for reconsideration is (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at pp. 1010-1012). As a section 1008 motion is appealable only on a showing of new facts, the limited distinction does not dissuade us from finding the motion for reconsideration subject to denial by operation of law per section 660.

Miller relies on appealability to assert his motion should be governed by rule 2(b). The sanctions portion of the order was appealable but that portion of the order denying reconsideration was not. In order to be appealable there must be a showing of new facts. (*Ibid.; Tunis* v. *Barrow* (1986) 184 Cal.App.3d 1069, 1075-1076 [229 Cal.Rptr. 389].) *Blue Mountain Development Co.* v. *Carville* defined the requisite as "newly discovered evidence" and found the declaration of a witness not before the trial court did not meet the requirement as there was no showing the evidence could not have been discovered earlier with reasonable diligence. (*Id.,* at pp. 1013-1014.)

The matters raised at the hearing on Miller's motion for reconsideration were lack of notice, his reasons for continuances and for no progress in settlement, his misunderstanding of the urgency of the pending discovery request, and his perception of the court's misinterpreting the stipulation. All these matters could have been raised at the initial hearing and do not constitute "new facts." The denial of the motion is not appealable and rule 2(a) does not save Miller's otherwise untimely appeal.

The September 22, 1976 order dismissing this action constituted a judgment and was "effective for all purposes." (Code Civ. Proc., § 581d.) Miller was served with notice of entry of that order the following day. At that point, rule 2 of the California Rules of Court required Miller to file a notice of appeal within 60 days, or no later than November 22, 1986.

But Miller instead sought to vacate the dismissal. Despite his characterization of the motion as one for reconsideration under Code of Civil Procedure section 1008, I agree with my colleagues in Division Two who held that provision "is not available to a party against whom a *final* order has been made and who is not in possession of newly discovered evidence . . . . [Instead, a] motion for new trial may be used to challenge an appealable order on a motion as well as a decision or verdict in a conventional civil action [citation] and a motion for new trial may be based on a number of different grounds . . . ." (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1014 [183 Cal.Rptr. 594], italics added.) In my view, Miller's motion for reconsideration of the judgment in favor of defendants was more in the nature of one for new trial (see Code Civ. Proc., § 657).

In any event, no matter how Miller's motion was characterized, its filing rendered the time constraints of rule 2 inapplicable; in its place, the deadline set forth in California Rules of Court, rule 3(a) should govern. (132 Cal.App.3d at pp. 1009-1010.) Rule 3(a) provides that the "time for filing the notice of appeal from the judgment is extended for all parties until 30 days *after* [] *entry of the order denying the motion* [*for reconsideration*] . . . ." (Italics added.) The significant difference between rule 2 and rule 3(a) is that the latter is pegged to the *entry* of an order while the former is linked to *notice of the entry* of a judgment. This distinction may appear to be without reason, but it has been ordained by the Judicial Council. We are not free to ignore it.

In this case, the minute order denying the motion for reconsideration was entered on October 31, 1986, within 60 days after notice of entry of the judgment. The notice of appeal was required to be filed no later than December 1, 1986.

But Miller argued the order denying the motion for reconsideration was not truly entered until January 21, 1987, when the formal order prepared by his counsel and signed by the judge was filed. He cites rule 2(b)(2) of the California Rules of Court, which provides, "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be *prepared, signed and filed,* in which case the

date of entry shall be the date of filing of the signed order." (Italics added.) I have several problems with this contention. First, the minute order here technically did not satisfy the requisites of the rule; it stated only that "Moving party [was] to prepare the order." Second, Miller was the moving party; and *he* delayed almost three months before causing the written order to be filed. Should we interpret the law to permit him to take advantage of his own delay to extend the period for filing a notice of appeal? I do not believe so.

In any event, even if the order was deemed filed on January 21, 1987, per rule 2(b)(2), Miller's notice of appeal from the denial of the motion for reconsideration was still untimely. Rule 3(b) of the California Rules of Court provides, "When a valid notice of intention to move . . . to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed, . . . the time for filing the notice of appeal from the judgment is extended for all parties until the earliest of 30 days after entry of the order denying the motion to vacate; or 90 days after filing the first notice of intention to move to vacate the judgment; or 180 days after entry of the judgment." Here, Miller's motion for reconsideration of the order dismissing the action was filed September 29, 1986. The 90-day limit expired December 28, 1986, a month before the notice of appeal was filed; it was untimely even under his own version of the facts.

Although I find no fault with my colleagues' handling of the issue, I add a final thought concerning Miller's appeal from the denial of his motion for relief under Code of Civil Procedure section 473. The inadequacy of the briefing on the subject was tantamount to a waiver. Also, it has long been the rule in California that "[a]n order denying a motion to vacate an appealable judgment is generally not appealable if such appeal raises only matters that could be reviewed on appeal from the judgment itself." (*Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351, 358-359 [110 Cal.Rptr. 353, 515 P.2d 297].) That is precisely the case here.

A petition for a rehearing was denied September 11, 1989, and appellant's petition for review by the Supreme Court was denied November 2, 1989.