Opinion
STEIN, J.
. . .* Andre Carpiaux was discharged from his job as an instructor at the East Bay Skills Center, administered by the Peralta Community College District (District). . . .* After unsuccessfully pursuing his various administrative remedies, Carpiaux filed in the superior court a complaint and a petition for writ of mandate, seeking back payment of wages and reinstatement.
Carpiaux, over the District’s objection, . . .* amended his complaint to state a cause of action for breach of the implied covenant of good faith and fair dealing. A jury returned a general verdict awarding Carpiaux damages of $500,000. The District filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, which motion was denied by operation of law.
The District appeals from the judgment entered upon the jury’s verdict and from the denial of its motion for judgment notwithstanding the verdict or for a new trial.

The Timeliness of the Appeal

An initial issue is whether the District’s appeal was untimely filed and whether this court thus is deprived of jurisdiction to hear the appeal.
*1223 California Rules of Court, rule 2, provides that notice of appeal shall be filed “within 60 days after the date of mailing notice of entry of judgment by the clerk of the court ... or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3.” (Italics added.) There is no evidence that notice of entry of judgment was mailed by the clerk or that it was served on the District by any other party. Accordingly, the District had no fewer than 180 days from the date of entry of judgment, November 6, 1986, in which to file its notice of appeal. The notice of appeal was filed on March 23, 1987, which is less than 180 days after judgment was entered.
Carpiaux points to language in California Rules of Court, rule 3 which, he claims, limited the District’s time for filing a notice of appeal to less than 180 days after date of entry of judgment. Rule 3(d) provides that where, as here, a party has moved for a new trial and for judgment notwithstanding the verdict, and the motions are not decided by the superior court within 60 days after the filing of the notice of intention to move for a new trial, “the time for filing the notice of appeal from the judgment or from the denial of the motion to enter a judgment notwithstanding the verdict is extended . . . until the earlier of 30 days after [the motion for new trial has been denied by operation of law, i.e., 60 days after the filing of the first notice of intention to move for a new trial (Code Civ. Proc., § 660)], or 180 days after entry of judgment.”
The District filed its notice of intention to move for a new trial on November 10, 1986, and that motion was therefore denied by operation of law on January 9, 1987. Carpiaux argues that rule 3 required the District’s notice of appeal to be filed within 30 days of that denial.
Carpiaux’s contention ignores that by the terms of California Rules of Court, rules 2 and 3, rule 3 extends applicable time limits. The clear import of the two rules, read together, is that there is an outside time limit of 180 days, and that any applicable shorter time limit may be extended by rule 3 up to, but not beyond the 180-day limitation.[1] Here, the District filed its notice of appeal within the 180 days permitted it by rule 2. This appeal is timely.
*1224 Effect of Foley v. Interactive Data Corp.
One of Carpiaux’s theories of damages was the District’s tort liability for breach of the covenant of good faith and fair dealing. Under Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654, 691-692 [254 Cal.Rptr. 211, 765 P.2d 373], an award of tort damages on that theory would be improper.[2] The Supreme Court in Newman v. Emerson Radio Corp. (1989) 48 Cal.3d 973 [258 Cal.Rptr. 592, 772 P.2d 1059] removed any doubt that Foley might not have retroactive application. “[W]e hold that Foley v. Interactive Data Corp., supra, 47 Cal.3d 654, shall be given full retroactive effect as to all cases not yet final on January 30, 1989, the date that decision became final.” (At p. 993.) Accordingly, to the extent that the damages award resulted from Carpiaux’s tort claims, it was unauthorized. From our review of the record it seems likely that the jury did in fact award tort damages; certainly Carpiaux emphasized his noneconomic injuries throughout the trial and in his arguments, and the court specifically instructed the jury that they were entitled to award tort damages if they found that the District had violated the covenant of good faith and fair dealing.
Carpiaux, however, points out that “[w]here several counts or issues are tried, a general verdict will not be disturbed by an appellate court if a single one of such counts or issues is supported by substantial evidence and is unaffected by error, . . .” (Posz v. Burchell (1962) 209 Cal.App.2d 324, 335-336 [25 Cal.Rptr. 896]; and see also Khanna v. Microdata Corp. (1985) 170 Cal.App.3d 250, 258 [215 Cal.Rptr. 860] and Rawlings v. Harris (1968) 265 Cal.App.2d 452, 454-455 [71 Cal.Rptr. 288] and cases cited therein.) Although the rule does not appear to have been universally so limited, we are of the opinion that it applies only to situations where it reasonably may be presumed that the jury, following the court’s instructions, reached a proper verdict.
Where two theories were placed before the jury but only one was supported by substantial evidence, it will be presumed that a general verdict in favor of the plaintiff was based on the supported theory. (See Gillespie v. Rawlings (1957) 49 Cal.2d 359, 369 [317 P.2d 601].) Any other construction of the rule would, we think, result in injustice and should not be followed. Here, however, the jury was instructed that if they found that a breach of the covenant occurred, they could award tort damages; and where the evidence supported a finding that the covenant had in fact been breached, it is likely that the jury, following the instructions, reached an *1225 improper verdict. Reversal of this judgment is required. (Searle v. Allstate Life Ins. Co. (1985) 38 Cal.3d 425, 429 [212 Cal.Rptr. 466, 696 P.2d 1308].)

*

The judgment is reversed. Each party will bear its own costs for this appeal.
Racanelli, P. J., and Holmdahl, J., concurred.
A petition for a rehearing was denied December 18, 1989, and respondent’s petition for review by the Supreme Court was denied February 14, 1990.

 See footnote, ante, page 1220.

 Millers v. United Services Automobile Assn. (1989)213 Cal.App.3d 222 [261 Cal.Rptr. 515] is distinguishable on the basis that the appellant was personally served with the order of dismissal. (Id. at p. 225.) Miller had to file his notice of appeal within 60 days of being served with the order of dismissal. Upon denial of his motion for reconsideration, California Rules of Court, rule 3(a) extended the time to file his notice of appeal for 30 days, until December 1, 1986. Thus, his notice of appeal filed on January 26, 1987, although filed within 180 days of the entry of the order of dismissal, was untimely.

 As will be discussed, Carpiaux’s breach of covenant theory rests not on contract but on statute. The rationale behind the Foley decision, however, is that the employment relationship does not permit a finding of tort damages from a wrong arising from that relationship. The rationale thus also applies to the instant action.

 See footnote, ante, page 1220.