[No. E007110. Fourth Dist., Div. Two. Dec. 10, 1990.]

JOSE PASSAVANTI, Plaintiff and Appellant, v. ERIK WILLIAMS, Defendant and Respondent.

[Opinion certified for partial publication.*]

_____

* Parts II and III are not published as they do meet the standards for publication contained in rules 976(b) and 976.1 of the California Rules of Court.

COUNSEL

Edward K. Madruga for Plaintiff and Appellant.

Sanger & Stein and Rick M. Stein for Defendant and Respondent.

OPINION

HOLLENHORST, Acting P. J.—Plaintiff, Jose Passavanti, appeals from the judgment entered after the court granted defendant's third motion for summary judgment. We reverse, finding there are triable issues of fact.

I

TIMELINESS OF THE APPEAL

Before reaching the merits of the appeal, we must first determine whether the appeal was timely filed. The motion for summary judgment in this case was granted on June 14, 1989, and on June 19, 1989, an "Order Granting Motion For Summary Judgment And Judgment" was signed by the judge and filed. On the second page of this order and judgment, it is noted that the judgment was entered on the date filed, i.e., June 19th, in Judgment Book 144 at page 305. A conformed copy of this order and judgment was served on plaintiff on June 22, 1989.[1]

On July 5, 1989, plaintiff filed a "Notice of Motion and Motion for an Order Revoking Order Granting Defendant's Third Motion for Summary Judgment Made Pursuant To CCP Section 1008." The court denied this motion on August 16, 1989. On August 29, 1989, more than 60 days after service of the conformed copy of the judgment but within 30 days after the court denied the motion for reconsideration, plaintiff filed a notice of appeal from the judgment entered on June 19, 1989.

---

[1] The record does not contain a declaration or affidavit of such service. However, in opposition to plaintiff's "Motion for an Order Revoking Order Granting Defendant's Third Motion for Summary Judgment Made Pursuant to CCP Section 1008," defendant stated that a copy of the judgment had been served on plaintiff. Based on this statement, we requested defendant to provide us with a declaration verifying that a conformed copy of the judgment had been served on June 22, 1989. We have received this declaration.

Under the California Rules of Court,[2] a notice of appeal ordinarily must be filed within 60 days after written notice of entry of judgment has been served. (Rule 2.) ■ Service of a conformed copy of the judgment indicating the judgment book and page on which the judgment has been entered is sufficient notice under rule 2(a). (*National Advertising Co.* v. *City of Rohnert Park* (1984) 160 Cal.App.3d 614, 618 [206 Cal.Rptr. 696].) Rule 3 provides that the time within which to file a notice of appeal may be extended if a valid notice of intention to move for new trial or a valid motion to vacate the judgment or to vacate the judgment and enter a new and different judgment is filed. ■ Here no motion for new trial or motion to vacate was filed and the question is whether a motion for reconsideration under Code of Civil Procedure section 1008 will extend the time in this case.

In prior decisions of this court, we have held that a motion for reconsideration of an appealable order will extend the time to file a notice of appeal from the order. (*Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151 [250 Cal.Rptr. 435]; *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005 [183 Cal.Rptr. 594]; *Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69 [67 Cal.Rptr. 686].) In reviewing these cases, it appears we made no distinction between *final* orders which are actually judgments and orders which clearly are not judgments but nonetheless are appealable. Upon further consideration, we now recognize that while *Blue Mountain* was correctly decided, *Rojes* and *Dockter* are incorrect to the extent they suggest that a *postjudgment* motion for reconsideration will extend the time to file a notice of appeal.

■■ An "order" is defined in Code of Civil Procedure section 1003 as any "direction of a court or judge, made or entered in writing, and not included in a judgment . . . ."[3] Since an application for an order is a motion (Code Civ. Proc., § 1003), another way of defining an order is the court's written ruling on a motion. A judgment on the other hand is the "final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., §§ 577, 1064.) Thus while there may be numerous orders made throughout a proceeding, there is only one judgment.

---

[2] All references to rules are to California Rules of Court unless otherwise indicated.

[3] The use of the word "direction" in Code of Civil Procedure section 1003 suggests that the ruling on a motion or application must include language ordering the parties to do something or to refrain from doing something. However, we know that not all "orders" contain such a "direction." For example an order refusing to grant an injunction usually does not contain any direction but rather simply states that the motion or application for injunctive relief is denied. Nonetheless, this is considered an appealable *order* under Code of Civil Procedure section 904.1, subdivision (f). We note this only in passing. For purposes of this opinion, the difference, if any, between "orders" which include directions and those which do not, need not be drawn.

"[T]his basic distinction does not always hold true: Some determinations, though characterized as 'orders,' are in effect final judgments for purposes of appeal and res judicata. [Citation.] And some orders are not intermediate but are made after final judgment: e.g., orders granting or denying new trial, vacating judgment, and orders in connection with enforcement of judgments. [Citations.]" (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 3, p. 454.) The distinction between orders and judgments is further blurred by the fact that certain orders, i.e., orders of dismissal, are considered the judgment (Code Civ. Proc., § 581d) and by the fact that sometimes the parties mislabel the judgment, referring to it instead as an order. The fundamental distinction remains, however, that a judgment, no matter how designated, is the final determination of the rights of the parties in an action. Thus, an "order" which is the final determination in the action is the judgment.

Absent express statutory authority, most orders are not appealable. The reason for this is the belief that piecemeal disposition and multiple appeals in a single action would be oppressive and costly and that a review of intermediate rulings should await the final disposition of the case, i.e., can be reviewed upon appeal from the judgment. (9 Witkin, Cal. Procedure, *supra*, Appeal, § 43, pp. 66-67.)

Perhaps most importantly in terms of the present case, orders and judgments are also distinguishable by the proper methods for attacking the order or judgment in the trial court. A court may reconsider its order granting or denying a motion and may even reconsider or alter its judgment so long as judgment has not yet been entered. Once judgment has been entered, however, the court may not reconsider it and loses its *unrestricted* power to change the judgment. It may correct judicial error only through certain limited procedures such as motions for new trial and motions to vacate the judgment. (*Ten Eyck* v. *Industrial Forklifts* (1989) 216 Cal.App.3d 540, 545 [265 Cal.Rptr. 29]; *Eddy* v. *Sharp* (1988) 199 Cal.App.3d 858, 863, fn. 3 [245 Cal.Rptr. 211]; *Magallanes* v. *Superior Court* (1985) 167 Cal.App.3d 878, 882 [213 Cal.Rptr. 547]; 6 Witkin, Cal. Procedure, *supra*, Proceedings Without Trial, § 34, p. 349; 7 Witkin, Cal. Procedure, *supra*, Judgment, § 66, p. 500.)

In *Verdier* v. *Verdier* (1962) 203 Cal.App.2d 724 [22 Cal.Rptr. 93], the court held that under rule 3, a motion to vacate a preliminary injunction would extend the time within which to file a notice of appeal from the order granting the injunction. The only issue in *Verdier* was whether rule 3 applied to extend the time to appeal from a judgment only or whether it also authorized extensions of time to appeal from an order. As rule 40 defined

judgment as including an order from which an appeal lies, the court in *Verdier* held that rule 3 applies to appeals from judgments *and* orders and that, therefore, the appeal from the order filed within 30 days after the court denied the motion to vacate was timely. (203 Cal.App.2d at p. 732.)

Relying on *Verdier*, this court, in *Dockter*, determined that a motion for reconsideration of an order denying a petition for relief from the Government Code claim filing requirements extended the time to appeal from the order. In reaching this result, we first determined that the "order" was actually a judgment in that it was a final determination of the parties' respective rights in the petition proceeding. With that determination, it should have followed that the motion for reconsideration, having been made after judgment was entered, was improper and therefore did not extend the time to appeal the judgment. Instead, we merely held that the motion for reconsideration extended the time to file a notice of appeal. By failing to distinguish an appealable order as in *Verdier* from a judgment, we erroneously implied that a motion for reconsideration is proper after judgment is entered and will extend the time for appeal of the judgment under rule 3.

We repeated our mistake in *Rojes v. Riverside General Hospital, supra*, 203 Cal.App.3d 1151, which also involved an order denying a petition for relief from the Government Code claim-filing requirements. Again, this "order" was actually a judgment.[4] The motion for reconsideration was not proper and therefore should not have extended the time to appeal the order. To the extent *Dockter* and *Rojes* hold that a postjudgment motion for reconsideration will extend the time within which to file a notice of appeal from the judgment, we overrule our prior decisions.[5] Accordingly, a motion

---

[4] In fact, the document in *Rojes* apparently was labeled "Judgment and Order." (203 Cal.App.3d p. 1157.

[5] In *Blue Mountain Development Co. v. Carville, supra*, 132 Cal.App.3d 1005, 1009, we reaffirmed the rule that a valid motion for reconsideration brought under Code of Civil Procedure section 1008 "is treated for purposes of rule 3 of the Rules of Court in the same manner as a motion for new trial or a motion to vacate." In that case, plaintiff had filed an application for a writ of execution on a dwelling which was denied on February 10, 1981. Notice of the ruling was served the same day. Plaintiff thereafter filed a timely motion for reconsideration which was denied on March 10, 1981. In that case the *order* denying the writ of execution on a dwelling was appealable not because it was equivalent to a judgment but rather because of express statutory authority for an appeal. (*Id.*, at pp. 1010-1011.) Accordingly, a motion for reconsideration was properly brought and did extend the time to appeal from the order until 30 days after the order denying reconsideration. The appeal was dismissed, however, because the notice of appeal was filed on May 6, 1981, well beyond the 30-day extension.

Although *Blue Mountain* was correctly decided on its facts, we note that certain language in that opinion may be misinterpreted again as approving the filing of postjudgment motions for reconsideration. For example, in our discussion of whether an order denying reconsideration is separately appealable, we stated that such an order was appealable as an order after

for reconsideration filed after judgment was entered will not extend the time to appeal from the judgment.

Having determined that a postjudgment motion for reconsideration will not extend the time for appeal under rule 3, the next question we must address is whether we should construe the motion for reconsideration in this case to be a motion for new trial or a motion to vacate for purposes of rule 3. Although, as we explain, we will construe the motion in this case to be a motion for new trial and therefore find the appeal to be timely filed in this case, we do so only because of our prior decisions in *Dockter* and *Rojes*. However, we believe, generally, appellate courts should not construe a motion expressly identified as being a particular motion to be an entirely different motion in the appellate court.

We recognize that there are cases which appear to suggest that *trial* courts may consider a motion regardless of its label. For example, in *Eddy* v. *Sharp, supra,* 199 Cal.App.3d 858, after judgment was entered, the plaintiffs brought a motion for reconsideration which was denied. Although the

judgment under Code of Civil Procedure section 904.1, subdivision (b). (132 Cal.App.3d at pp. 1010-1011.) To the extent *Blue Mountain* may be so interpreted, we disapprove.

We also note that other appellate courts have fallen prey to the same trap of not distinguishing between judgments and orders. For example, in *Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071 [258 Cal.Rptr. 721], the court erroneously suggested that "where the order *or judgment* is appealable [citation], motions for reconsideration will be governed by rule 3(b)." (*Id.,* at p. 1082, italics added.) Unbelievably, the court then went on to say that a party who wishes to take advantage of rule 3(b) can have the judgment entered and then seek reconsideration, stating, "[n]othing in the court rules prevents the trial court from still reconsidering its ruling and making an appropriate order should it change its mind" and that in that case, "[t]he formal judgment filed would then, of course, have no lasting effect." (*Ibid.*) *Stratton* is clearly wrong in stating that a trial court can reconsider its rulings after judgment is entered. Further, to the extent *Stratton* suggests that a postjudgment motion for reconsideration will extend the time to appeal the judgment, we disagree.

In *Miller* v. *United Services Automobile Assn.* (1989) 213 Cal.App.3d 222 [261 Cal.Rptr. 515], the court unnecessarily engrafted the time limitations found in Code of Civil Procedure section 660 involving motions for new trial on to a section 1008 motion for reconsideration and held that if a motion for reconsideration is not determined within 60 days after service of notice of entry of judgment, then it is deemed denied by operation of law. The court's reason for adding this time limitation was to avoid an essentially open-ended extension of time for filing notice of appeal which would otherwise exist when a party files a postjudgment motion for reconsideration and which does not exist when the party files a motion for new trial. In *Miller,* a motion for reconsideration was filed after a formal order of dismissal was entered. An order of dismissal is a judgment. (Code Civ. Proc., § 581d; *D'Hondt* v. *Regents of University of California* (1984) 153 Cal.App.3d 723, 726, fn. 2 [200 Cal.Rptr. 628].) Had the *Miller* court noted that a motion for reconsideration is not proper after judgment is entered, its holding that section 660 applies to section 1008 motions would have been unnecessary. In any event, to the extent *Miller* suggests that a postjudgment motion for reconsideration will extend the time to appeal, we disagree with that opinion as well.

Finally, we also disagree with *Monsan Homes, Inc.* v. *Pogrebneak* (1989) 210 Cal.App.3d 826, 831 [258 Cal.Rptr. 676] and *Jade K.* v. *Viguri* (1989) 210 Cal.App.3d 1459, 1467 [258 Cal.Rptr. 907] for their apparent approval of postjudgment motions for reconsideration.

appellate court noted that a motion for reconsideration is not proper after judgment has been entered, it nonetheless stated that the trial court was free to consider the motion regardless of its label. (*Id.*, at p. 863, fn. 3.) Since the opinion in *Eddy* does not state when the judgment was entered, whether or when notice of entry of judgment was given or when the order denying reconsideration was made, it cannot be determined whether the appeal from the judgment was timely under rule 2 or rule 3.

Even if we assume the trial court is free to ignore the label of a motion, it does not necessarily follow that appellate courts should do so as well, particularly when there is no indication that the motion was "construed" to be a different motion in the trial court.[6] For an appellate court to construe a motion merely to "save" the appeal from dismissal may result in further problems and cannot be justified.

As the court in *Ten Eyck* v. *Industrial Forklifts, supra*, 216 Cal.App.3d 540, noted, "counsel [is] duty-bound to know the rules of civil procedure." (*Id.*, at p. 545.) Ordinarily, on appeal, where a party has failed to invoke the proper procedure to preserve error for appellate review, has invited the error by his own conduct or is otherwise estopped to assert error, we will decline to rule on the merits of the issue. For example, where a party objects to evidence on the wrong grounds then, even if the evidence was objectionable on other grounds, we will not reverse. The requirement that error be properly preserved for appellate review and the principle that waived or invited error will not be reviewed are primarily matters of appellate policy and may be ignored under certain exceptions. (See generally, 9 Witkin, Cal. Procedure, *supra*, Appeal, §§ 301-323, pp. 313-334.)

The timeliness of the appeal is not merely a matter of policy but rather is fundamental to this court's jurisdiction. Accordingly, it has been held that the time to file an appeal cannot be extended by waiver or estoppel. (9 Witkin, Cal. Procedure, *supra*, Appeal, § 408, p. 403.) While the appellate courts should grant a right to appeal in doubtful cases (*Hollister Convalescent Hospital, Inc.* v. *Rico* (1975) 15 Cal.3d 660, 669 [125 Cal.Rptr. 757, 542 P.2d 1349]), we see no reason for holding counsel to a less demanding standard for purposes of extending the time for appeal than is required to preserve an issue for appellate review.[7]

---

[6] Assuming the trial court has the authority to consider a motion regardless of its label, for the benefit of the opposing party and for purposes of appellate review, the better practice would be for the trial court to clearly indicate its intention to do so and to clearly identify the motion it is considering.

[7] At the same time, we acknowledge the regular practice of appellate courts of construing notices of appeal which improperly designate a nonappealable order as being from an appealable judgment or in construing premature notices of appeal to be from subsequently entered

One might argue that in refusing to construe a motion for reconsideration to be a motion for new trial, the appellate court would be elevating form over substance and that if the motion, regardless of its label, arguably would qualify as a valid motion for new trial or a valid motion to vacate the judgment, this court should treat it as such. If the record clearly indicates that the parties and the trial court ignored the label and treated the motion as one for new trial or to vacate the judgment, good cause might exist for this court to also ignore the label. Where, however, there is no such indication in the record, an appellate court construing a motion for reconsideration to be some other motion could lead only to further complications.

For example, if we construe the motion for reconsideration to a be a motion for new trial or a motion to vacate for purposes of the timeliness of the appeal, should we not also construe it to be a motion for new trial or to vacate for purposes of review? If so, what standard of review would we employ in determining whether the court's order denying or granting the motion was proper? Would we have to review its propriety, for example, under each of the seven alternate grounds for new trial listed in Code of Civil Procedure section 657 even though normally we only review the order granting or denying a new trial on the grounds specified by the party or the court? Should a party who fails to file a proper motion for new trial receive more liberal review of the court's order on appeal than a party who properly files such a motion limiting its grounds? Further, if the appellate courts construe motions made in the trial court to be a different motion, what law should a trial court apply in ruling on the motion in the first instance?

As is evident from the foregoing discussion, we see little reason for and numerous problems created by appellate courts ignoring the procedure expressly followed in the trial court and construing a motion for reconsideration to be a different motion so as to extend the time to file a notice of appeal. Absent a showing of extremely good cause, we are disinclined to engage in the practice of "construing" motions and will hold counsel to the label they attach to their motions.

Having said that, we nonetheless feel compelled to treat the motion for reconsideration as a motion for new trial in this case. We do so only because of our own prior decisions in *Dockter* and *Rojes* which appear to approve of the procedure used by plaintiff in this case. Because of those decisions, we believe that good cause exists and fairness requires us to construe plaintiff's motion for reconsideration in this case to be a motion for new trial or a motion to vacate the judgment under rule 3 and accordingly hold that the

judgments. There is at least some authorization for this practice found in rule 1 which states that "[a] notice of appeal shall be liberally construed in favor of its sufficiency."

filing of the motion extended the time to file notice of appeal from the judgment entered on June 19, 1989, and that the notice of appeal filed within 30 days after the court denied the motion for reconsideration was timely. We proceed to address the merits of the appeal.

## II, III*

. . . . . . . . . . . . . . . . . . . .

## IV

### DISPOSITION

Judgment reversed. Plaintiff shall recover his costs on appeal. Both parties' requests for sanctions are denied.

Timlin, J., and McDaniel, J.,† concurred.

.

---

*See footnote, *ante*, page 1602.

†Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.