Filed 6/6/14  Bank of the West v. Zavala CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

BANK OF THE WEST,

     Plaintiff and Respondent,

v.

LYDIA E. ZAVALA et al.,

     Defendants and Appellants.

E054236

(Super.Ct.No. CIVDS1005408)

O P I N I O N

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Lydia E. Zavala and Miguel A. Zavala, in pro. per., for Defendants and Appellants.

Hood & Reed and James T. Reed, Jr. for Plaintiff and Respondent.

## I.  INTRODUCTION

Plaintiff Bank of the West (the bank) sued defendants Lydia E. and Miguel A. Zavala, husband and wife, to recover monies due under a vehicle lease agreement and for

possession of the vehicle, a 2007 GMC Yukon.  The trial court granted the bank's motion for summary judgment and entered judgment against defendants for $43,353.72, plus postjudgment interest, attorney fees, and costs, plus possession of the Yukon.  The judgment requires the bank to credit proceeds from the sale of the Yukon to the judgment.

Defendants appeal and we affirm.  On its motion, the bank showed defendants owed the bank $43,353.72 on the lease as of May 4, 2011, and that the bank was entitled to possession of the Yukon.  Defendants represented themselves in the litigation and filed no papers whatsoever in opposition to the motion.  They also failed to deny the material allegations of the bank's verified complaint for breach of the lease and possession of the Yukon.  They filed a motion for reconsideration of the court's ruling on the motion on the date the judgment was entered, which the court properly denied as untimely.  (E.g., *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606 [Fourth Dist., Div. Two] [once judgment is entered, the trial court loses jurisdiction to reconsider its prior rulings].)

Defendants raise no meritorious claims on appeal.  They proffer an unsigned copy of the lease they failed to present in the trial court, belated and erroneously claiming that the lease is therefore void and they are entitled to damages.  They also erroneously claim their untimely motion for reconsideration should have been granted.

## II. BACKGROUND

### A. *The Lease Agreement*

On January 21, 2007, defendants signed a "Select Vehicle Lease" (the lease) for a 2007 GMC Yukon. On January 25, the bank purchased the lease from the dealer, Superior Pontiac GMC, for $44,575.79. The sale and assignment of the lease to the bank is noted on the lease, just above the dealer's signature, and the lease grants the bank a security interest in the Yukon.

Seventy-two monthly payments of $674.91 were due on the lease, and the first payment was due on January 21, 2007. The "agreed upon value" of the Yukon was $47,661.06 when the lease was signed. The "gross capitalized cost" of the lease was $51,691.06, including the agreed upon value of the Yukon, plus $2,785 for a service contract, plus additional fees and charges.

Defendants defaulted on the lease after they failed to make the August 21, 2009, payment. Once the lease was in default, section 22 of the lease authorized the bank to recover from defendants all monies due under the lease, including collection costs and attorney fees, and to take possession of the Yukon.

### B. *The Complaint, Answer, and Defendants' Evasive Discovery Responses*

On April 22, 2010, the bank filed a verified complaint for the amounts due under the lease and possession of the Yukon. A copy of the lease, signed by the dealer and defendants, is attached to the complaint.

3

Defendants answered the complaint on Judicial Council of California form PLD-C-010, without checking any boxes on the form and without specifically denying any allegations of the complaint. (Code Civ. Proc., § 431.30 [denial of allegations of verified complaint "shall be made positively or according to the information and belief of the defendant"].) On page 2 of the answer, under paragraph 4 titled, Affirmative Defenses, defendants stated: "I believe that this vehicle has been paid off, and they have no right to the vehicle."

Defendants initially failed to respond to the bank's form interrogatories. After the court granted the bank's motion to compel responses, defendants gave evasive and unverified responses to Form Interrogatory Nos. 15.1 (generally seeking all facts, witnesses, and documents concerning defendants' denials and affirmative defenses) and 50.1 through 50.6 (generally seeking factual basis of defendants' claims concerning the lease). No further responses were given after the bank requested them from defendants. Defendants propounded no discovery of their own.

C. *The Motion for Summary Judgment*

The bank filed its motion for summary judgment in December 2010, claiming it was entitled to amounts due under the lease and possession of the Yukon, and defendants had no defense to the bank's claims. The motion was based on the declaration of April Curtis, an assistant vice-president for the bank, explaining the sums due under the lease and the bank's right to possession. The hearing on the motion was initially set for March 2, 2011. The Curtis declaration showed that defendants owed $42,320.02 on the lease as

4

of March 2, including the principal sum of $33,273.87, plus late charges, costs of suit, attorney fees, and interest of 18 percent per annum from the date of the default. The Kelly Blue Book value of the Yukon was $27,100.

Shortly after the motion was filed, defendants petitioned for bankruptcy under chapter 7 of the United States Bankruptcy Code. On January 27, 2011, the bankruptcy court granted the bank's motion to lift the automatic stay and allow the bank to enforce its remedies under the lease. On March 2, 2011, the trial court continued the hearing on the summary judgment motion to May 4, and on March 16, the defendants' bankruptcy petition was dismissed after defendants failed to appear at the initial meeting of creditors.

The motion for summary judgment was ultimately heard on May 19, 2011, 170 days after it was filed. Defendants filed no opposition. Lydia Zavala appeared at the hearing; Miguel Zavala did not appear. The motion was granted and the bank was awarded $43,353.72, the amount due on the lease as of May 4, 2011, plus postjudgment interest, plus attorney fees and costs to be determined, plus possession of the Yukon.

On May 23, the bank served defendants with notice of the court's ruling on the motion. An order granting the motion and the judgment in favor of the bank were entered on June 1. Also on June 1, defendants filed a motion for reconsideration, which the trial court denied following a hearing. On June 13, the bank served defendants with notice of the order granting summary judgment and notice of entry of the judgment. Defendants appealed.

D. *The Augmented Record on Appeal*

On October 2, 2012, we granted defendants' motion to augment the record on appeal with three items defendants did not designate as part of the record: (1) a copy of the reporter's transcript of the May 19, 2011, hearing on the motion for summary judgment (Exh. A);[1] (2) defendants' motion opposing a writ of possession for the Yukon and related papers filed on October 28, 2010 (Exh. B); and (3) various papers defendants filed on November 16, 2010, indicating they filed a police report and complaints with state agencies concerning the bank's efforts to repossess the Yukon (Exh. C).

Defendants also requested that we augment the record on appeal with what Lydia Zavala claims, in a supporting declaration, is a true and correct copy of the parties' lease agreement (Exh. D). This copy of the lease is signed by defendants but is not signed by anyone on behalf of the lessor. We deemed this part of defendants' motion to augment a request for judicial notice, and reserved consideration of it for this appeal. We deny the request for the reasons explained below.

---

[1] On May 4, 2012, this court ordered that the appeal would be dismissed unless defendants filed and served a motion to augment the record with the reporters' transcript of the May 19, 2011, hearing. In the same order, defendants' opening brief on appeal was stricken because, as explained at length in the order, it failed to articulate any pertinent or intelligible legal arguments. (See *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2011) ¶ 9:162, p. 9-46.) On August 6, 2012, defendants filed a revised opening brief.

III.  ANALYSIS

A.  *Summary Judgment Standard of Review*

Summary judgment is proper when all the papers submitted on the motion show there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*); see Code Civ. Proc., § 437c, subd. (c).)  "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute."  (*Aguilar, supra,* at p. 843.)

The moving party "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law."  (*Aguilar, supra*, 25 Cal.4th at p. 850, fn. omitted.)  A plaintiff moving for summary judgment also bears an initial burden of proving each element of its cause or causes of action in question, and if the plaintiff meets this burden the burden shifts to the defendant to demonstrate one or more triable issues of material fact.  (*Id.* at pp. 849-850.)

We review an order granting summary judgment de novo.  (*Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1092.)  "In performing our independent review, we conduct the same procedure used by the trial court.  We examine (1) the pleadings to determine the elements of the claim for which the party seeks relief; (2) the summary judgment motion to determine if movant established facts justifying judgment in its favor; and (3) the opposition to the motion—assuming movant met its

initial burden—to 'decide whether the opposing party has demonstrated the existence of a triable, material fact issue.  [Citation.]'  [Citations.]" (*Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 354.)

B.  *Summary Judgment Was Properly Granted in Favor of the Bank*

As detailed above, in moving for summary judgment the bank showed that it was entitled to judgment against defendants for their breach of the lease.  Specifically, the bank showed it was owed $43,353.72 as of May 4, 2011, plus interest, costs, attorney fees, and possession of the Yukon.  Defendants filed no opposition to the motion and failed to raise any triable issues of fact on any element of the bank's claim.  Thus, summary judgment was properly granted in favor of the bank.

C.  *Defendant's Motion for Reconsideration Was Properly Denied as Untimely*

On June 1, the same date the judgment was entered, defendants filed a motion for reconsideration of the court's order granting the motion for summary judgment, along with various papers not presented to the court on the motion for summary judgment. (Code Civ. Proc., § 1008.)

In their motion for reconsideration, defendants claimed that around January 2010, after they had paid the bank $22,605.95 in monthly payments on the lease (and defaulted on the lease), they attempted to purchase the Yukon from the bank with the assistance of Hope for Car Owners, but the bank refused to sell them the Yukon.  They also claimed the bank told them "the vehicle was sold and paid in full on 2/20/2010," but the bank refused to provide them with a "financial accounting of [their] loan" and other

8

documents; in March 2010, defendants received a "defective repossession notice" while they were negotiating to buy the Yukon; and the bank violated state and federal law concerning fair debt collection practices when, in March 2010, a man seeking to repossess the Yukon came to their house, "threw a business card" in Lydia Zavala's face, and intimidated her children. Defendants filed a police report and a complaint with state authorities concerning the incident.

The bank opposed the motion and the trial court denied it on the ground it was without jurisdiction to rule on it. Defendants claim the trial court abused its discretion in denying their motion for reconsideration. Not so.

The trial court correctly pointed out that it did not have jurisdiction to reconsider its order granting the summary judgment because the motion for reconsideration was filed on the same date the judgment was entered: "'"A court may reconsider its order granting or denying a motion and may even reconsider or alter its judgment so long as judgment has not been entered. Once judgment has been entered, however, the court may not reconsider it and loses its unrestricted power to change the judgment. . . ." [Citation.]' [Citation.]" (*G.R. v. Intelligator* (2010) 185 Cal.App.4th 606, 622; *Passavanti v. Williams, supra,* 225 Cal.App.3d at p. 1606.)

D. *Defendants' Deemed Request for Judicial Notice of the Unsigned Copy of the Lease*

As noted, we reserved for consideration with this appeal and deemed a request for judicial notice defendants' request to further augment the record with what Lydia Zavala claims, in a supporting declaration, is a true and correct copy of the parties' January 27,

2007, lease (Exh. D). This proffered copy of the lease is signed by defendants but is not signed by anyone on behalf of the lessor.

The request is denied. The unsigned copy of the lease was not presented to the trial court in opposition to the motion for summary judgment. As such, it is not a proper part of the record on this appeal. (*Seo v. All Makes Overhead Doors* (2002) 97 Cal.App.4th 1193, 1201 [reviewing court examines only the papers presented to the trial court on a motion for summary judgment, not papers filed later].) Nor is it a proper subject of judicial notice on any other ground. (Evid. Code, §§ 451-453, 459.)

Nonetheless, even if we were to take judicial notice of the unsigned copy of the lease, it is of no assistance to defendants. Defendants claim that because the lease is unsigned, it is invalid and defendants are entitled to damages under the Vehicle Leasing Act (the Act). (Civ. Code, § 2985.7 et seq.)[2] Not so.

As defendants point out, section 2985.8, subdivision (g) of the Act provides that a vehicle lease contract "*shall be signed by the lessor* and lessee, or their authorized representatives" (italics added), and section 2988.5 of the Act prescribes remedies for a lessor's failure to comply with sections 2985.8 and 2988. Nothing in section 2988.5 provides that a lease is void or voidable solely because a lessor did not sign it, however.

To the contrary, section 2988.5 states: "(a) *Except as otherwise provided by this section*, any lessor who fails to comply with any requirement imposed under Section 2985.8 or 2988 for which no specific relief is provided with respect to any person shall be

_____

[2] All further statutory references are to the Civil Code unless otherwise indicated.

10

liable to such person in an amount equal to the sum of:  [¶]  (1)  Any actual damages sustained by such person as a result of the failure.  [¶]  (2)  *In the case of an individual action* [as opposed to a class action], 25 percent of the total amount of monthly payments under the lease except that liability under this subparagraph shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) . . . .  [¶]  (3)  The costs of the action, together with a reasonable attorney's fee as determined by the court." (Italics added.)

None of these damages are recoverable, however, nor may they be offset against any amounts owed on a lease, unless they are first determined *in a judgment by a court of competent jurisdiction*.  (§ 2988.5, subd. (f).)

Section 2988.5, subdivision (f) states:  "A person may not take any action to offset any amount for which a lessor is potentially liable to such person under paragraph (2) of subdivision (a) against any amount owing to such lessor by such person, unless the amount of the lessor's liability to such person has been determined by judgment of a court of competent jurisdiction in an action to which such person was a party."[3]

As indicated, defendants filed no opposition to the motion for summary judgment. They did not claim that the lease was unsigned on behalf of the lessor, or that defendants

---

[3]  Additionally, we note that section 2988.5, subdivision (d) states:  "A lessor may not be held liable in any action brought under this section for a violation of this chapter if the lessor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error."  Other subdivisions of section 2988.5 provide for further exceptions to the operation of subdivision (a).

11

suffered any damages as a result. Thus, the trial court was never called upon to determine whether there were triable issues of fact concerning whether the lease was unsigned by the lessor or whether defendants suffered any damages as a result. The bank's verified complaint included and authenticated a copy of what appears to be the *same lease, signed by both parties*, and *that* copy of the lease was adduced in evidence in support of the bank's motion for summary judgment. The authenticity of the bank's fully signed copy of the lease is effectively undisputed.

In sum, defendants' belated claim that the lease was never signed by the lessor is not cognizable on appeal.

## IV. DISPOSITION

The judgment is affirmed. The parties shall bear their respective costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

12