Filed 7/2/14   Pistotnik v. Mercedes Benz USA CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GALIA PISTOTNIK,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MERCEDES BENZ USA, LLC,<br><br>    Defendant and Respondent. | B249140<br><br>(Los Angeles County<br>Super. Ct. No.  BC482850) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Daniel J. Buckley, Judge.  Affirmed.

Law Offices of Jim Whitworth and Jim O. Whitworth, for Appellant.

LeClairRyan, Gary P. Simonian and Robert G. Harrison, for Respondent.

_____

Galia Pistotnik appeals following the entry of an amended judgment that reduced the attorney's fee award in her successful lemon law action against Mercedes Benz USA, LLC, contending that the trial court lacked jurisdiction to amend the judgment. We disagree and affirm the amended judgment. For the same reason, we find no error in the court's order quashing a writ of execution pursuant to the original judgment.

## FACTS AND PROCEDURAL HISTORY

Galia Pistotnik sued Mercedes Benz USA, LLC, under the "lemon law" act,[1] contending that her leased car was defective. Mercedes stipulated to liability, and at a bifurcated bench trial on November 2012 Pistotnik was awarded more than $45,000 in damages. Two weeks later at the second phase of the trial, the trial court declined to impose a civil penalty against Mercedes and awarded Pistotnik attorney's fees of $50,000. As part of that ruling, the trial court found that "legal work was not necessary after May 21, 2012, and . . . that many time entries were excessive and unreasonable." On December 31, 2012, the trial court entered a written judgment prepared by Mercedes that included both the $50,000 fee award and the trial court's comments concerning the amount and reasonableness of those fees. On January 10, 2013, Pistotnik filed and served by FAX a Notice of Entry of Judgment to which the judgment was attached.

On January 16, 2013, Mercedes filed and served a motion captioned as one seeking to clarify the trial court's attorney's fee ruling, or, in the alternative, to reconsider its order. The basis for the motion was the trial court's earlier findings that attorney's fees incurred by Pistotnik after May 21, 2012, were unnecessary and that many of her lawyer's time entries were excessive and unreasonable. According to Mercedes, its review of the time sheets submitted by Pistotnik's lawyer showed that she incurred fees of $23,412.50 as of May 21, 2012, making the trial court's fee award of $50,000 inconsistent on its face. Furthermore, the finding that many of the lawyer's charges were excessive or unreasonable meant that some portion of the $23,412.50 was also excessive

---

[1] The Song-Beverly Consumer Warranty Act. (Civ. Code, § 1790, et seq.)

2

and unreasonable. In order to eliminate this inconsistency, Mercedes asked the trial court to "clarify" its order insofar as it awarded attorney's fees of $50,000.

On February 28, 2013, the trial court granted Mercedes's motion and reduced the fee award to $10,000. Pistotnik did not oppose the motion and did not appear at the hearing. On March 25, 2013, Pistotnik filed a writ of execution on the *original* judgment that included the $50,000 attorney's fee award. On April 3, 2013, the trial court granted Mercedes's ex parte application to quash that writ. On April 16, 2013, the trial court signed and filed an amended judgment that reduced the fee award to $10,000. Pistotnik contends that the trial court lacked jurisdiction to amend its original judgment because Mercedes did not follow any of the procedures that would have allowed it to do so. As a result, Pistotnik also contends the trial court erred by quashing its writ of execution.

## DISCUSSION[2]

1.     *The Trial Court Properly Treated Mercedes's Motion as a Motion to Vacate Under Code of Civil Procedure Section 663*

Pistotnik's opening appellate brief focuses on Mercedes's alternative request that the trial court reconsider its attorney's fee award, correctly contending that the trial court lacked jurisdiction to consider such a motion once it entered judgment. (*Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606 (*Passavanti*).) Mercedes does not contest

---

[2]     Because Pistotnik's notice of appeal was expressly limited to the ex parte order quashing her writ of execution, Mercedes contends we may not consider the appeal as to the amended judgment itself. However there is no dispute that the appeal is proper as to the order quashing the writ, and resolution of that issue turns solely on whether the amended judgment was proper. Mercedes does not contend that it was in any way misled or prejudiced by the notice of appeal and it is reasonably clear that Pistotnik intended to challenge the amended judgment. Therefore, under the well-settled rule that we must liberally construe notices of appeal, we treat the appeal as including the amended judgment. (Cal. Rules of Court, rule 8.100(a)(2); *Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 672, fn. 3; *Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960-961.)

3

that point, but contends that the trial court was free to treat its motion as having been brought under Code of Civil Procedure section 663 (section 663.)[3]

Under section 663, a judgment may be set aside or vacated and another and different judgment entered when there was an incorrect or erroneous legal basis for the decision that was not consistent with or supported by the facts. (*In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 237.) Pistotnik contends in her appellate reply brief that section 663 was not applicable because Mercedes did not show by way of uncontroverted facts an erroneous legal basis for the original judgment.[4]

We disagree. A section 663 motion is proper when a different judgment is compelled by the facts found: when the trial court draws an incorrect legal conclusion *or* renders an erroneous judgment upon the facts found by it to exist. (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574.) We believe relief was available under section 663 because the trial court's original award of attorney's fees was inconsistent with the facts it found concerning the reasonableness and necessity of the fees claimed by Pistotnik's lawyer. Although the trial court's attorney's fee order awarded Pistotnik $50,000 in fees, it also found that fees incurred after May 21, 2012, were unnecessary and that many of her lawyer's time entries were excessive or unreasonable. Mercedes's motion argued that the lawyer's billing entries up to May 21, 2012, were just over $23,000 and contended that the amount was also subject to reduction based on the finding that much of the work done was unwarranted. As Mercedes's motion pointed out, the $50,000 fee award was

---

**3** Mercedes also contends that the trial court had postjudgment jurisdiction to reach the collateral issue of attorney's fees. The decisions it cites – *Serrano v. Unruh* (1982) 32 Cal.3d 621 and *People v. Bhakta* (2008) 162 Cal.App.4th 973 – concerned post judgment attorney fee awards where the trial court did not reach the fee issue until after entering judgment on the merits. We do not believe those decisions apply here, where the original judgment included a specific award of attorney's fees.

**4** Pistotnik's reply brief spends little time on section 663 motions. She devotes most of her opening and reply appellate briefs to motions for reconsideration and new trial and other procedural devices for attacking judgments that are not relevant here.

4

inconsistent with those findings.[5]  A section 663 motion to vacate the judgment and enter a new one consistent with the findings was therefore proper.  The motion to vacate was timely filed on January 16, 2013, which was within 15 days of the service of the Notice of Entry of Judgment on January 8, 2013.  (Code Civ. Proc. § 663a, subd. (a)(2).)

We next consider whether the trial court could treat Mercedes's motion as a request to vacate the judgment under section 663.  The nature of a motion is determined by the relief sought, not its label, and a trial court is therefore free to construe a motion bearing one label as a different type of motion.  (*Sole Energy Company v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193 (*Sole*).)  Mercedes's motion fit within the section 663 paradigm because it asked the trial court to enter a different judgment that was consistent with its factual findings on attorney's fees.  Therefore, the trial court was free to treat it as a section 663 motion.  Because Pistotnik did not designate the reporter's transcript from the hearing on that motion as part of the appellate record, we must presume that what occurred at that hearing supports the amended judgment.  (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201.)  We therefore presume from the silent record that the trial court elected to treat Mercedes's motion as having been brought under section 663.[6]

---

[5]    Neither party's points and authorities from the fee motion were included in the record, leaving us unable to determine whether $50,000 represented the full amount of fees sought by Pistotnik or to verify Mercedes's contention concerning the amount of fees incurred through May 21, 2012.  Pistotnik does not contest the $23,412.50 figure asserted by Mercedes and does not contend on appeal that the reduced fee award is incorrect.  We deem Pistotnik's failures to either oppose Mercedes's motion in the trial court or challenge the propriety of the reduced fee award on appeal a concession that the reduced fee award is proper on the merits.

We also observe that the error that Mercedes asked the trial court to correct was solely Mercedes' making when it submitted a judgment that was unclear on its face and that contained language unnecessary for a judgment.  The irony that Mercedes was moving to vacate the very judgment it prepared is not lost on us.

[6]    Pistotnik contends the trial court recognized it lacked jurisdiction because its February 28, 2013 minute order granting Mercedes's motion to correct the judgment

5

Pistotnik cites *20th Century Insurance Co. v. Superior Court* (2001) 90 Cal.App.4th 1247, 1261, for the proposition that a motion classified as one type of motion should not be deemed a different kind of motion absent a showing of extremely good cause.[7]  That rule applies only when the *Court of Appeal* is being asked to deem one type of motion as another.  (*Sole, supra,* 128 Cal.App.4th at pp. 192-193.)  It does not apply to the trial court, which is free to consider the motion regardless of its label.  (*Id.* at p. 193, citing *Passavanti, supra,* 225 Cal.App.3d at p. 1609.)

2.    *The Motion to Quash Was Proper*

Pistotnik contends the trial court erred by quashing her writ of execution on the original judgment.  This argument is based solely on the contention that the trial court erred by amending the judgment.  Because we conclude that the trial court in fact properly amended the judgment, the order quashing the writ of execution was correct, and we affirm that order.

---

included the following comment:  "The Court further orders that if in fact the Superior Court retains jurisdiction of this case, any further motion shall be brought to this Court in Department 1."  Without a reporter's transcript to assist us, we view this ambiguous comment as nothing more than a recognition that the trial court might soon lose jurisdiction by way of settlement or appeal.  It may also reflect that by the time the court made its ruling on February 28, 2013, the trial judge had become Supervising Judge of the Civil Courts and was then presiding in Department 1.

[7]    Pistotnik contends Mercedes lacked good cause in part because it prepared the erroneous original judgment and in part because it did not timely move for reconsideration.

6

## DISPOSITION

The order quashing Pistotnik's writ of execution and the issuance of the amended judgment are affirmed.  Each side to bear its own costs.


                                        RUBIN, ACTING P. J.
WE CONCUR:



        FLIER, J.



        GRIMES, J.