[No. G042396. Fourth Dist., Div. Three. Feb. 10, 2010.]

JANICE ANDERSON et al., Plaintiffs and Appellants, v.
OLEG K. CHIKOVANI, Defendant and Respondent.

## Counsel

Schultz and Associates and Robert Schultz for Plaintiffs and Appellants.

Carroll, Kelly, Trotter, Franzen & McKenna, Robert L. McKenna, David P. Pruett and Maria E. Pappas for Defendant and Respondent.

## Opinion

**THE COURT.**[*]—Respondent's motion to dismiss the appeal raises the novel issue of how the *nonservice* of a timely order denying a motion for new trial affects the extensions of time to appeal allowed by California Rules of Court, rule 8.108(b).[1] As explained below, we hold that where a party files a valid motion for new trial, and the trial court issues a timely order denying that motion, but no one *serves* the order or notice of entry of that order, then the

---

[*]Sills, P. J., Moore, J., and Aronson, J.

[1] All references to a rule are to the California Rules of Court; all statutory references to a code section are to the Code of Civil Procedure.

applicable deadline for filing the notice of appeal from the judgment is 180 days after entry of judgment.

\* \* \*

The court entered judgment for respondent (the defendant in a medical malpractice case) on March 20, 2009. Respondent served notice of entry of judgment on April 6. On April 20, appellants timely served their notice of intention to move for new trial pursuant to section 659.

■ The trial court's power to act on the new trial motion is circumscribed by section 660. That code section provides that "the power of the court to rule on a motion for a new trial shall expire 60 days . . . after service on the moving party . . . of written notice of the entry of the judgment . . . ." (§ 660.) Thus, the court had until June 5 to rule on the new trial motion. The trial court timely entered a minute order denying the motion for new trial on May 28. However, the clerk did not mail the order and no party served notice of entry of the order.

Appellants filed their notice of appeal on July 28. Respondent moved to dismiss the appeal for lack of jurisdiction, arguing the notice of appeal was untimely under rule 8.108(b), which sets forth the extended filing deadlines triggered by a new trial motion. Because of the nonservice of the order denying the new trial motion, there is some uncertainty as to which among the several extended filing deadlines applies here.

Rule 8.108(b) provides, in pertinent part, as follows: "If any party serves and files a valid notice of intention to move for a new trial, the time to appeal from the judgment is extended for all parties as follows: [¶] (1) If the motion is denied, until the earliest of: [¶] (A) 30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment." (Rule 8.108(b)(1)(A)–(C).)

Both sides agree that the extension set forth in rule 8.108(b)(1)(A)—30 days after service of the order denying the motion—is inapplicable because the order was never served. The disagreement is as to whether rule 8.108(b)(1)(B) or (C) applies. Respondent contends the applicable filing deadline for appellants' notice of appeal was "30 days after denial of the motion by operation of law" (rule 8.108(b)(1)(B)). If applicable, that deadline expired on July 6—30 days (plus one day because July 5 was a Sunday) after the trial court lost jurisdiction to rule on the motion pursuant to section 660—and 22 days before appellants filed their notice of appeal.

In support of this position, respondent points out that rule 8.108(b) mandates that "the earliest of" the three potential deadlines applies and, given that the denial order was not served, the "earliest" deadline results from finding a denial by operation of law (rule 8.108(b)(1)(B)). Moreover, according to respondent, a denial by operation of law is the logical result of the nonservice of the denial order. Essentially, respondent seems to argue that the unserved order existed in a sort of limbo until, pursuant to section 660, the court lost jurisdiction to act upon the motion on June 5. On that day, in the absence of service of the denial order, the new trial motion was denied by operation of law, triggering the deadline under rule 8.108(b)(1)(B).

Respondent further buttresses his argument with a reference to this court's pronouncement in *Miller v. United Services Automobile Assn.* (1989) 213 Cal.App.3d 222 [261 Cal.Rptr. 515] that "the maximum extension of appeal time when a new trial motion is involved is 90 days." (*Id.* at p. 226, fn. omitted.) The *Miller* decision is of no help to respondent, however, because it applied an earlier version of rule 8.108(b), former rule 3(a), which made the *entry* of a denial order, rather than the *service* of a denial order, a trigger for the extended 30-day appeal deadline.[2] The current rule, of course, does the opposite.

Appellants argue the appeal deadline in rule 8.108(b)(1)(B) is inapplicable because the court timely entered a minute order denying the new trial motion; the "operation of law" played no role in that denial. Appellants assert the applicable filing deadline is the one available by default: "180 days after entry of judgment" (rule 8.108(b)(1)(C)). Consequently, their notice of appeal, filed 113 days after entry of judgment, was timely.

Support for appellants' argument lies in the more obscure provisions of section 660. In its final paragraph, after stating that the trial court loses jurisdiction to rule on a new trial motion 60 days after service of notice of entry of judgment, the code section goes on to prescribe the resulting "denial by operation of law": "If such motion is not determined within said period of 60 days . . . the effect shall be a denial of the motion without further order of the court. A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall

---

[2] Former rule 3(a) provided as follows: "When a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined."

constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed." (§ 660.)

■ These sentences clarify that entry of a minute order denying the new trial motion, as occurred here, is a "determination" that obviates denial by operation of law. ■ Because appellants' new trial motion was not denied by operation of law but rather by a minute order that was timely entered but never served, the latest possible deadline for filing a notice of appeal under rule 8.108(b) was triggered: Appellants had 180 days from entry of judgment to file their notice of appeal. (Rule 8.108(b)(1)(C).) They met that deadline.

The motion to dismiss the appeal is denied.