Filed 9/2/21  Gallop v. Duval CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARILYN GALLOP,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>VICTOR DUVAL et al.,<br><br>    Defendants and Respondents. | B308531<br><br>(Los Angeles County Super. Ct. No. SS027452) |

APPEAL from an order of the Superior Court of Los Angeles County.  Henry Jay Ford III, Judge.  Reversed and remanded with directions.

Law Offices of Bennett Kerns and Bennett Kerns for Plaintiff and Appellant.

Law Offices of Joseph F. Hart and Joseph F. Hart for Defendants and Respondents.

———————————————

Marilyn Gallop (appellant) contends that the trial court erred when it denied her motion for attorney fees as untimely when it was filed on February 5, 2020. We agree. Contrary to what the trial court concluded, appellant's notice of ruling on posttrial matters did not constitute notice of entry of that order. Thus, California Rules of Court, rules 3.1702(b)(1), 8.104(a)(1)(A), 8.108(b)(1)(A) and 8.108(c)(1) did not require appellant to serve her motion in January 2020.[1] Rather, because there was no notice of entry of the posttrial order, rules 1.10(b), 3.1702(b)(1), 8.108(b)(1)(C) and 8.108(c)(3) gave appellant to Wednesday, May 13, 2020, to file her motion by extending the time to 180 days after entry of judgment on November 15, 2019. Thus, we

---

[1] All further references to rules are to the California Rules of Court.

Rule 3.1702(b)(1) ties the time to file a motion for attorney fees to the time to notice an appeal under rules 8.104 and 8.108. The trial court determined that rule 8.104(a)(1)(A) applied and required the motion to be filed 60 days after notice of entry of judgment was mailed on Monday, November 18, 2019. The trial court stated that the final day for appellant to file her motion was Monday, January 20, 2020. "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." (Code Civ. Proc., § 12.) "[I]f the last day for the performance of any act that is required by these rules to be performed within a specific period . . . falls on a Saturday, Sunday, or other legal holiday, the period is extended to and includes the next day that is not a holiday." (Rule 1.10(b).) The 60th day, not including November 18, 2019, was January 17, 2020. We note that January 20, 2020, was observed as a holiday by the Los Angeles Superior Court to celebrate the birthday of Martin Luther King, Jr.

reverse the denial of appellant's motion.  On remand, the trial court shall consider the motion on the merits.

## FACTS

Appellant sued Canon Opticians, Inc., Victor Duval, and Claudia Lewis (collectively respondents) for Elder Financial Abuse after they sold her over 100 pairs of luxury eyeglasses for which she paid $79,530 and still owed $173,000.  On October 4, 2019, the trial court filed its Statement of Decision and Order for Judgment awarding appellant $25,000.  The trial court filed its judgment on November 15, 2019, and its clerk mailed notice of entry of judgment on November 18, 2019.[2]  At some point, appellant and respondents filed motions to vacate the judgment and for a new trial.  The trial court denied those motions on December 9, 2019.  That same day, appellant served a notice of ruling.

Three weeks later, appellant filed an ex parte application to shorten time to hear her motion for attorney fees.  She noted that her "motion for attorney's fees initially needed to have been filed by January 15, 2020, sixty (60) days after notice of judgment. . . . Such sixty (60) days marks the time by which a Notice of Appeal must be filed.  [¶]  However, such deadline has been extended to

---

[2]    The only notice attached to the judgment is an October 21, 2019, notice of the proposed judgment.  However, appellant does not dispute that the superior court clerk served notice of entry of judgment.  We observe that the register of actions states that the notice was filed November 15, 2019.  While appellant states that the notice was sent on November 15, 2019, and a minute order states that notice was sent on November 18, 2019, the discrepancy is immaterial.  For purposes of this opinion, we accept November 18, 2019, as the date the superior court clerk mailed notice of entry of judgment.

thirty (30) days after 'the superior court clerk or a party serves an order denying', a motion for new trial or a notice thereof. But for this ex parte request, [appellant's] motion would be set beyond the latest anticipated date a notice of appeal . . . need [to] be filed."[3] She also stated that "sixty (60) days from November 15, 2019 (undetermined as now extended) to file a notice of appeal." The trial court denied the ex parte application.

On February 5, 2020, appellant served a motion for attorney fees.[4] The trial court denied the motion as untimely. By rule, the motion had to be filed within the time for appellant to notice an appeal. It noted that the 60-day deadline for appellant to file a notice of appeal under rule 8.104(a) was triggered when notice of entry of judgment was mailed on November 18, 2019, by the superior court clerk, and the time to appeal under that rule expired on January 20, 2020. Per the trial court, service of appellant's notice of ruling started a 30-day clock that expired on January 9, 2020, and therefore rule 8.108 did not provide appellant more time to file an appeal than did rule 8.104. As a consequence, appellant was required to file her motion for attorney fees on or before January 20, 2020.

This timely appeal followed.

---

[3]    Appellant believed the notice of entry of judgment was sent on November 15, 2019. If that was true, and if the 60-day rule set forth in rule 8.104(a)(1)(A) had been applicable, then the motion for attorney fees would have needed to be filed by Tuesday, January 14, 2020.

[4]    Appellant also requested costs. The request for costs is not at issue in this appeal.

## DISCUSSION

We are called upon to apply the law to undisputed facts. Our review is de novo. (*Tsasu LLC v. U.S. Bank Trust, N.A.* (2021) 62 Cal.App.5th 704, 715.)

A motion for attorney fees must be filed and served "within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case[.]" (Rule 3.1702(b)(1).) Under rule 8.104(a), an appeal must be filed at the earliest of 60 days after the superior court clerk serves on the party filing the appeal a document entitled "Notice of Entry" of judgment, 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled "Notice of Entry" of judgment or a file-endorsed copy of the judgment, or 180 days after entry of judgment.

Rule 8.108 extends the "time to appeal otherwise prescribed in rule 8.104(a); it does not shorten the time to appeal. If the normal time to appeal stated in rule 8.104(a) is longer than the time provided in this rule, the time to appeal stated in rule 8.104(a) governs." (Rule 8.108(a).)

If a properly noticed motion for new trial is denied, the time to appeal the judgment is extended to the earliest of "30 days after the superior court clerk, or a party[,] serves an order denying the motion or a notice of entry of that order[,]" "30 days after denial of the motion by operation of law[,]" or "180 days after entry of judgment." (Rule 8.108(b)(1)(A)-(C).) If a properly noticed motion to vacate is denied, the time to appeal is extended to the earliest of "30 days after the superior court clerk, or a party[,] serves an order denying the motion or a notice of entry of that order[,]" "90 days after the first notice of intention to move—

or motion—is filed[,]" or "180 days after entry of judgment."
(Rule 8.108(c)(1)-(3).)

Under rule 8.104, appellant's motion for attorney fees had
to be filed 60 days from notice of entry of judgment mailed by the
superior court clerk on November 18, 2019.  That 60-day time
frame expired on January 17, 2020.  Thus, appellant's motion for
attorney fees was untimely unless the time to file was extended
by rule 8.108.  On December 9, 2019, appellant served notice of
the trial court's ruling on the posttrial motions.  If it operated as
notice of entry of the order, then the 30-day time frame provided
for in rule 8.108(b)-(c) expired on January 7, 2020, and therefore
did not extend the time to file the motion past January 17, 2020.
But if the notice of the trial court's ruling did not operate as
notice of entry of the order, the time for appellant to file her
motion for attorney fees was extended to 180 days after entry of
judgment pursuant to rule 8.108(b)(1)(C).[5]  Under this latter
scenario, appellant had until Wednesday, May 13, 2020 (180 days
after notice of entry of judgment) to file her motion for attorney
fees.  Accordingly, her motion was timely filed on February 5,
2020.

Case law establishes that "serving a notice of ruling is not
the same as serving a copy of [an] order or a notice of entry of
[that] order, as contemplated by the rules governing the
timeliness of appeals.  [Citation.]"  (*Carmel, Ltd. v. Tavoussi*
(2009) 175 Cal.App.4th 393, 399 [concluding that a notice of

---

[5]      Respondents do not suggest that the 90-day rule in
rule 8.108(c)(2) applies.  They contend that the time frame is
either 30 days or 180 days.  We express no opinion on the
applicability of rule 8.108(c)(2).

6

ruling of a denial of a motion to vacate the judgment did not trigger the 30-day time period under rule 8.108(c)]; *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 356 [because a notice of ruling "was not entitled 'Notice of Entry' and did not attach a file-stamped copy of the trial court's minute order, it did not trigger the 60-day deadline to appeal under rule 8.104(a)(1)(B)"]; *Anderson v. Chikovani* (2010) 181 Cal.App.4th 1397, 1398–1399 ["[W]here a party files a valid motion for new trial, and the trial court issues a timely order denying that motion, but no one serves the order or notice of entry of that order, then the applicable deadline for filing the notice of appeal from the judgment is 180 days"].)

Despite these cases, respondents contend that the notice of ruling was sufficient to trigger the 30-day time limit in rule 8.108(b)-(c).  As a backstop, respondents suggest that appellant's motion for attorney fees was properly denied because she made binding admissions in her ex parte application that the deadline to file her motion was January 15, 2020.  (*Fassberg Construction Co. v. Housing Authority of the City of Los Angeles* (2007) 152 Cal.App.4th 720, 752 ["[A]n oral statement by counsel in the same action is a binding judicial admission if the statement was an unambiguous concession of a matter then at issue and was not made improvidently or unguardedly"].)

Case law is settled.  The notice of ruling was not the same as notice of entry of the order.  Respondents have not cited any precedent establishing otherwise.  Consequently, appellant's motion was timely filed.  In addition, we conclude that appellant did not make a binding judicial admission that the time to appeal and file her motion for attorney fees expired on January 15, 2020.  Notably, her ex parte papers indicated her belief that the time

had been extended.  Moreover, the timeliness of a future motion for attorney fees was not at issue in the ex parte application. (Timeliness was not an issue until the trial court ruled on that future motion.)  Finally, any statement regarding the final date a motion for attorney fees had to be filed per the California Rules of Court was a legal conclusion and cannot be counted as a judicial admission.  (*Stroud v. Tunzi* (2008) 160 Cal.App.4th 377, 384 ["judicial admissions involve facts, not legal theories or conclusions"].)  Thus, denial of the attorney fees motion was not supported by a judicial admission.

## DISPOSITION

The order is reversed.  On remand, the trial court shall consider appellant's motion for attorney fees.  Appellant is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT