Filed 9/12/22  Sharma v. Toyota Motor Sales USA CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SHIVASHNI SHARMA, | |
| Plaintiff and Appellant, | E074382 |
| v. | (Super.Ct.No. RIC1807749) |
| TOYOTA MOTOR SALES USA, INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County. Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Dismissed.

Law Offices of Jim O. Whitworth and Jim O. Whitworth for Plaintiff and Appellant.

Shook, Hardy & Bacon, Amir Nassihi, and M. Kevin Underhill; Sutton & Murphy, Thomas M. Murphy, and Krisann Kuroso Aquino for Defendants and Respondents, Toyota Motor Sales USA, Inc. and LHM Corp CTO dba Larry H. Miller Toyota Corona.

1

Plaintiff Shivashni Sharma appeals a judgment entered after the jury rendered a defense verdict on her Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.) claims against the manufacturer and dealer of her Toyota Sienna—defendants and respondents Toyota Motor Sales, USA Inc. and Larry H. Miller Toyota Corona, respectively. We conclude the appeal is untimely and therefore dismiss the appeal.

## I

## FACTS

After experiencing problems with her car's battery, Sharma sued the manufacturer and dealer under the Song-Beverly Consumer Warranty Act, asserting a breach of express warranty claim against the manufacturer and breach of the implied warranty of merchantability claims against the manufacturer and the dealer. At trial, defendants presented evidence the Sienna was merchantable and conformed to express warranties when Sharma purchased it and that the battery problems developed only after she installed an aftermarket video surveillance system. On July 25, 2019, the jury returned defense verdicts on all three claims.

The trial court entered judgment on August 27, 2019, and defendants served Sharma with the notice of entry of judgment on September 5, 2019. About two weeks later, on September 20, 2019, Sharma filed a notice of intent to move for a new trial.

On September 24, 2019, the trial judge, Riverside Superior Court Judge Ronald Taylor, notified the parties that he'd set the hearing on Sharma's motion for October 18, 2019. Sharma failed to appear at the October 18 hearing, and the judge issued an order

2

taking the motion off calendar due to Sharma's failure to file any moving papers in support of the motion. That same day, defendants served Sharma with a notice of entry of the order denying her motion for new trial.

Sharma filed a notice of appeal from the judgment on December 19, 2019.

## II

## DISCUSSSION

In addition to arguing the merits of Sharma's appeal, defendants argue the appeal is untimely. We agree.

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation.]" (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) California Rules of Court, rule 8.104 contains the general deadlines for filing a notice of appeal.[1] It sets out the following three dates and specifies that the one occurring "the earliest" applies: (A) 60 days after the superior court clerk serves on the party filing the notice of appeal the notice of entry of judgment; (B) 60 days after the party filing the notice of appeal serves or is served by a party with the notice of entry of judgment, accompanied by proof of service; or (C) 180 days after entry of judgment. (Rule 8.104(a)(1).)

Rule 8.108 contains an extension of the general deadlines, applicable in cases where a party "files a valid notice of intention to move for a new trial." (Rule

---

[1] Unlabeled rule citations refer to the California Rules of Court.

3

8.108(b)(1).) In such cases, the time to appeal from the judgment is the earliest of: (A) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; (B) 30 days after denial of the motion "by operation of law"; or (C) 180 days after entry of judgment. (*Ibid.*)

Here, the December 19, 2019 notice of appeal is late under either rule. Under rule 8.104, the deadline for filing the notice of appeal was *November 4, 2019*, that is, 60 days after September 5, 2019, the date defendants served Sharma with the notice of entry of judgment.[2] But it's also at least arguable that rule 8.108 applies to extend the deadline because Sharma filed a notice of intent to move for new trial. We say arguable because rule 8.108(b) applies when a party files "a *valid* notice of intention to move for a new trial," and here Sharma never filed the actual motion or moving papers and didn't appear at the hearing. In our view, her failure to pursue the motion reasonably supports a conclusion that her notice of intention to move for new trial was not valid.

We need not decide whether rule 8.108 applies in this case, however, because even if it did, the notice of appeal is still untimely. Defendants served Sharma with notice of entry of the denial of the motion for new trial on October 18, 2019, thereby triggering the 30-day deadline in rule 8.108(b)(1)(B). Under that deadline, the last day to file the notice of appeal was November 18, 2019 (30 days from service of the notice plus 1 day because November 17 was a Sunday).

---

[2] Code of Civil Procedure section 1013, subdivision (a) provides that when service is effected by mail, "[s]ervice is complete at the time of the deposit," and here, defendants served Sharma with the document by first-class mail on September 5, 2019.

4

Without supporting argument or legal authority, Sharma argued in her appellate briefing that the deadline in rule 8.104(a)(1)(C)—180 days after the August 27 entry of judgment—applies. She argued rule 8.108 *doesn't* apply because the judge never actually denied her motion for new trial, he simply took it off calendar. But as we've explained, rule 8.104 provides that the *earliest* applicable date serves as the deadline, and here, 60 days after service of the notice of entry of judgment occurred well before 180 days after entry of judgment.

At oral argument, Sharma changed course and claimed rule 8.108 *does* govern. Citing *Anderson v. Chikovani* (2010) 181 Cal.App.4th 1397 for the first time, she argued we should apply the 180-day deadline in rule 8.108(b)(1)(C) (as opposed to the 30-day deadline in rule 8.108(b)(1)(B)) because the judge never actually denied the motion, he simply took it off calendar. To begin with, Sharma forfeited this argument by failing to raise it in her briefs. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1050 [where appellant fails to raise an argument "until its appellate reply brief," it "has forfeited the argument"]; *Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11 ["[o]bvious reasons of fairness militate against consideration of an issue raised initially in the reply brief" or later].)

In addition, the argument fails on its merits. Were rule 8.108 to apply (an issue we need not decide), the judge's order taking Sharma's motion off calendar would constitute a denial, and the 30-day deadline would begin to run when defendants served Sharma with notice of that denial on October 18, 2019. The "formal disposition" of the order is

irrelevant, and Sharma's focus on the absence of the word "denied" in the judge's order is misplaced. (*Lavine v. Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1024, fn. 4.) Where, as here, the "legal effect" of an order taking a motion off calendar is to *deny* the motion—as opposed to *postpone* its resolution for a later hearing—we treat it as just that, a denial. (*Ibid.*) Given Sharma's failure to pursue the new trial motion, the judge's decision to take it off calendar "in legal effect . . . constituted a denial of the motion." (*Ibid.*; accord, *American Advertising & Sales Co. v. Mid-Western Transport* (1984) 152 Cal.App.3d 875, 877, fn. 1.) Regardless of which rule applies, Sharma's appeal is untimely.

## III

## DISPOSITION

We dismiss the appeal for lack of jurisdiction. Sharma shall bear costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:

RAMIREZ _____
P. J.

FIELDS _____
J.

6