Filed 4/28/25  Smaili & Associates v. Rawag CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SMAILI & ASSOCIATES, P.C., et al.,<br><br>    Plaintiffs, Cross-defendants and Respondents,<br><br>            v.<br><br>SULEIMAN RAWAG,<br><br>    Defendant, Cross-complainant and Appellant. | G063767<br><br>(Super. Ct. Nos. 30-2018-00985248, 30-2018-01014873)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, David J. Hesseltine, Judge. Dismissed.

        Suleiman Rawag, in pro. per., for Defendant, Cross-complainant and Appellant.

        Cedar Adams and Adam K. Obeid for Plaintiffs, Cross-defendants and Respondents.

*        *        *

THE COURT:*

Appellant Suleiman Rawag hired respondents Smaili & Associates, P.C., and Jihad M. Smaili to represent him in connection with an auto accident. In the aftermath of that representation, respondents sued appellant for allegedly unpaid fees and appellant filed a cross-complaint against respondents.

On June 13, 2023, judgment was entered after a jury trial on the respondents' operative complaint and appellant's cross-complaint. The judgment, which includes numerous handwritten interlineations by the trial judge, described the procedural history of the case, various legal rulings, and the jury's findings by special verdict. Judgment was entered in favor of respondents, awarding them $54,166 and denying relief to appellant on the cross-complaint. The judgment contemplated the future award of costs and postjudgment interest.

On August 18, 2023, the court entered an amended judgment. The only differences between the original judgment and the amended judgment are: (1) the handwritten interlineations added by the trial judge to the original judgment were included as typewritten text in the amended judgment; (2) costs in the amount of $20,889.92 were specified; and (3) postjudgment interest in the amount of $1,745.52 was specified.

On February 13, 2024, appellant filed a notice of appeal, indicating that the judgment on appeal was entered on August 18, 2023, i.e., the amended judgment. Due to a variety of procedural missteps by appellant, the appellate record has not yet been filed.

---

* Before O'Leary, P. J., Sanchez, J., and Scott, J.

2

We invited briefing from the parties as to the timeliness of this appeal and we asked appellant to identify which issues he intended to raise on appeal. Regardless of whether notice of entry of judgment is provided or valid postjudgment motions are filed, the absolute outer limit for the timely filing of a notice of appeal is 180 days after entry. (Cal. Rules of Court, rule 8.104(a)(1)(C); *Anderson v. Chikovani* (2010) 181 Cal.App.4th 1397, 1401 ["latest possible deadline" for filing notice of appeal is 180 days from entry of order or judgment].) And, with limited exceptions not applicable here, this court lacks jurisdiction to entertain an appeal not filed by the applicable deadline. (See *Garg v. Garg* (2022) 82 Cal.App.5th 1036, 1041–1045.)

December 11, 2023, was the last possible deadline to appeal from the original judgment, i.e., 180 days from June 13, 2023. This appeal is untimely to the extent it purports to challenge the judgment.

February 14, 2024, was the last possible deadline to appeal from the amended judgment, i.e., 180 days from August 18, 2023. This appeal may be timely (just barely) to the extent it purports to challenge the amended judgment.

Appellant seeks to raise the following issues in this appeal: (1) the trial court abused its discretion by bifurcating the trial; (2) respondents submitted fabricated evidence at trial and the court improperly instructed the jury with regard to that evidence; (3) there is no substantial evidence to support the jury's award; (4) the $54,166 quantum meruit award was based entirely on speculation; and (5) the court committed legal error by granting nonsuit as to the cross-complaint.

All of appellant's proposed issues on appeal were decided when judgment was entered on June 13, 2023. An amended judgment only restarts the appealability clock if it substantially modifies the judgment. (*Torres v.*

3

*City of San Diego* (2007) 154 Cal.App.4th 214, 222.) It is not a substantial modification of a judgment to enter an amended judgment reflecting the addition of costs and interests pursuant to postjudgment motion practice. (*Ibid.*) Even assuming this appellate challenge is timely as to the award of costs and prejudgment interest, appellant does not intend to raise those issues.

On the court's own motion, this appeal is dismissed. Respondents shall recover costs incurred on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)